

FILED

MAR 21 2019

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL ENVIRONMENTAL RIGHTS FOUNDATION, a non-profit corporation,<br><br>                                    Plaintiff,<br><br>v.<br><br>WATKINS MANUFACTURING CORPORATION, a California corporation,<br><br>                                    Defendant. | Case No.:  18cv555-GPC(KSC)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS)**<br><br>**[Doc. No. 15.]** |

        Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. [Doc. No. 15.]  In the Joint Motion, plaintiff requests an order compelling defendant to provide:  (1) full and complete responses to Document Request Nos. 1 through 21; (2) a privilege log listing any documents responsive to Request Nos. 1 through 21 that defendant is withholding based on a privilege; and (3) a description of any search methods and search terms defendant has used to locate electronically stored information ("ESI") in response to Request Nos. 1 through 21.  [Doc. No. 15, at pp. 20-22.]  Defendant does not dispute the relevance of any of the documents plaintiff has requested and claims to be locating and producing documents "as expeditiously as

possible." [Doc. No. 15, at pp. 4-5; 22-24.]  For the reasons outlined more fully below, the Court finds that plaintiff's request must be GRANTED.

Defendant served plaintiff with its initial responses to Document Request Nos. 1 through 21 on December 12, 2018.  [Doc. No. 15, at pp. 3-4.]  In its responses, defendant raised boilerplate objections,[1] including the attorney-client privilege and the work product privilege,[2] and responded that it would produce all responsive documents in its possession, custody, or control "to the extent the documents have not already been made available on SMARTS pursuant to defendant's Rule 26 Initial Disclosures."  [Doc. No. 15, at pp. 6-18.]  On January 4, 18, and 25, 2019, defendant produced some responsive documents.  [Doc. No. 15, at p. 4.]  In the Joint Motion, defendant has also stated that it "will continue to attempt to locate responsive documents and produce them as expeditiously as possible."  [Doc. No. 15, at pp. 4-5.]  Defendant has not explained why it has been unable to produce all responsive documents thus far.  Nor has defendant provided an estimate as to when it believes it can complete production of all responsive documents and a privilege log.

As of the time the parties filed their Joint Motion on January 28, 2019, plaintiff reported that "numerous responsive documents have not been produced."  [Doc. No. 15,

---

[1]    "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).

[2]    Defendant's responses to these requests do not specifically state that documents are being withheld based on a privilege. [Doc. No. 15, at p. 6-18.]  "An objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to a part of a request must specify the part and permit inspection of the rest."  Fed.R.Civ.P. 34(b)(2)(C).  If a party withholds "information otherwise discoverable" based on a privilege, the party must "expressly make the claim."  Fed.R.Civ.P. 26(b)(5)(A)(i).  In other words, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed.R.Civ.P. 26(b)(5)(A)(ii).

at p. 19.] In support of this assertion, plaintiff's counsel submitted a Declaration outlining significant gaps in the documents defendant had already produced. [Doc. No. 15-1, at pp. 4-5.] According to this Declaration, plaintiff's counsel was advised that defendant is in the process of preparing a privilege log, but defendant was unable to indicate when the privilege log would be completed and produced. [Doc. No. 15-1, at p. 3.] In addition, the Declaration of plaintiff's counsel indicates that defendant's failure to produce responsive documents is delaying the scheduling of depositions. [Doc. No. 15-1, at p. 5.]

On February 21, 2019, while this discovery dispute was pending, the parties filed a Joint Motion requesting additional time to complete discovery. [Doc. No. 16.] In a Declaration filed in support of this Joint Motion, plaintiff's counsel reported that defendant produced additional documents on February 12, 2019 but had not yet produced a privilege log or any information about search terms used to locate ESI. [Doc. No. 16-1, at pp. 2-3.]

Based on the foregoing, the Court GRANTS plaintiff's request for an order compelling defendant to provide plaintiff with:

(1) full and complete responses to Document Request Nos. 1 through 21;[3]

(2) a privilege log listing any documents responsive to Document Request Nos. 1 through 21 that defendant is withholding based on a privilege; and

(3) a description of any search methods and search terms defendant has used to locate electronically stored information ("ESI") that is responsive to Document Request Nos. 1 through 21.

---

[3] To provide plaintiff will full and complete responses to Document Request Nos. 1 through 21, defendant must not only produce all responsive documents and a privilege log, it must also supplement each of its prior responses to indicate on a request-by-request basis whether it is withholding any documents or information based on a specifically identified privilege to be in compliance with Federal Rule 34(b)(2)(C).

Defendant must comply with this Order ***no later than March 29, 2019***. In addition, ***no later than April 2, 2019***, defendant must provide plaintiff with declarations by defense counsel and defendant's representative(s) stating under penalty of perjury that all documents and information responsive to Document Request Nos. 1 through 21 have been produced "to the best of the person's knowledge, information and belief formed after a reasonable inquiry." *See* Fed.R.Civ.P. 26(g).

IT IS SO ORDERED.

Dated: March 21, 2019

Hon. Karen S. Crawford
United States Magistrate Judge

4